**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ATBCOIN LLC, EDWARD NG, HERBERT W. HOOVER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )Case 1:17-cv-10001-VSB-BCM <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>LEAVE TO EFFECTUATE ALTERNATIVE SERVICE</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

FACTS ............................................................................................................................... 1

ARGUMENT ...................................................................................................................... 3

   I.    PLAINTIFF'S PROPOSED METHOD OF ALTERNATIVE SERVICE .......................... 3

   II.   PLAINTIFF IS ENTITLED TO AN ORDER AUTHORIZING ALTERNATIVE
   SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3). ................. 5

      A.   Service of Process by Email and LinkedIn Are Not Prohibited by International
      Agreement. ...................................................................................................................... 7

      B.   Service of Process by Email and LinkedIn Are Reasonably Calculated to Provide
      Notice to Defendant Hoover. ........................................................................................... 8

      C.   Mailing of the Summons and Complaint Via Certified Mail, Return Receipt Requested,
      to Defendant Hoover's Attorney and Place of Business Are Not Prohibited by International
      Agreement and Are Reasonably Calculated to Provide Notice to Hoover. ........................... 10

CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Baidoo v. Blood-Dzraku*,
   48 Misc. 3d 309 (NY. Sup. Ct. New York Cnty. 2015) ............................................................. 9

*Broadfoot v. Diaz*,
   245 B.R. 713 (Bankr. N.D. Ga. 2000) .................................................................................... 8

*Chanel, Inc. v. Song Xu*,
   No. 09-cv-02610 (CGC), 2010 WL 396357 (W.D. Tenn. Jan. 27, 2010) ................................. 9

*F.T.C. v. PCCare247 Inc.*,
   No. 12-cv-07189 (PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) ............................... 6, 8, 9

*Ferrarese v. Shaw*,
   164 F. Supp. 3d 361 (E.D.N.Y. 2016) ................................................................................... 10

*In re China Valves Technology Sec. Litig.*,
   No. 11-cv-00796 (LAK) (S.D.N.Y. Sept. 14, 2011) .............................................................. 11

*In re GLG Life Tech Corp. Sec. Litig.*,
   287 F.R.D. 262 (S.D.N.Y. 2012) ......................................................................................... 6, 8

*In re Potash Antitrust Litig.*,
   667 F. Supp. 2d 907 (N.D. Ill. 2009) .................................................................................... 11

*LG Elecs., Inc. v. ASKO Appliances, Inc.*,
   No. 08-cv-00828 (JAP), 2009 WL 1811098 (D. Del. June 23, 2009) ..................................... 11

*McCluskey v. Belford High Sch.*,
   No. 09-cv-14345 (LPZ), 2010 WL 2696599 (E.D. Mich. June 24, 2010) ................................. 9

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ............................................................................................................. 5

*Philip Morris USA Inc. v. Veles Ltd.*,
   No. 06-cv-02988 (GBD), 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007) ................................. 6, 8

*Popular Enters., LLC v. Webcom Media Grp., Inc.*,
   225 F.R.D. 560 (E.D. Tenn. 2004) ......................................................................................... 9

*Prediction Co. LLC v. Rajgarhia*,
   No. 09-cv-07459 (SAS), 2010 WL 1050307 (S.D.N.Y. Mar. 22, 2010) ............................... 7, 8

*Rio Properties, Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ............................................................................................. 6, 8

*S.E.C. v. China Intelligent Lighting & Elecs., Inc.,*
   No. 13-cv-05079 (JMF), 2014 WL 338817 (S.D.N.Y. Jan. 30, 2014) ...................................... 7

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
   312 F.R.D. 329 (S.D.N.Y. 2015) ...................................................................................... 7

*United States v. Lebanese Canadian Bank SAL*,
   285 F.R.D. 262 (S.D.N.Y. 2012) .................................................................................... 11

*Williams-Sonoma Inc. v. Friendfinder, Inc.*,
   No. 06-cv-06572 (JSW), 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007)................................... 7

## Rules

FED. R. CIV. P. 4(d) ................................................................................................................. 11

FED. R. CIV. P. 4(f)............................................................................................................ *passim*

**INTRODUCTION**

Plaintiff Raymond Balestra ("Plaintiff"), by and through his counsel, respectfully submits this memorandum of law in support of his Motion for Leave to Effectuate Alternative Service (the "Motion"). As detailed herein, Plaintiff has made persistent, diligent, and varied efforts to effectuate service of process upon defendant Herbert W. Hoover III ("Hoover"), but has been unable to accomplish such service under the traditional procedures prescribed under the Federal Rules for service of process. Plaintiff respectfully requests that the Court permit service on Hoover by certified mail, email, and message sent to Hoover's LinkedIn account, for the reasons set forth below and in the manner described in the [Proposed] Order submitted herewith.

**FACTS**

On December 21, 2017, Plaintiff filed the above captioned action, on behalf of himself and all others similarly situated, against ATBCOIN LLC ("ATBCoin"), and ATBCoin's two co-founders, Edward Ng ("Ng"), and Hoover, for their violations of Sections 12(a)(1) and 15(a), 15 U.S.C. §§ 77l(a)(1) & 77o(a) of the Securities Act of 1933 (the "Securities Act"). On January 5, 2018, a copy of the Summons and Complaint were served on Defendant ATBCoin. The following day, on January 6, 2018, a copy of the Summons and Complaint were served on Defendant Edward Ng. However, Plaintiff has thus far been unable to effectuate service on the remaining defendant, Hoover.

In attempting to serve Hoover, Plaintiff identified four possible addresses for Hoover and ATBCoin:

1.  64 Fulton Street, Suite 603, New York, NY 10038 (the "First Address");

2.  40 Wall Street, 28th Floor, New York, NY 10005 (the "Second Address");

3.  2545 E. Griffin Pkwy, Mission, TX 78572 (the "Third Address");

4.  179 E 79th St New York, NY 10075 (the "Fourth Address");

Both the First and Second Addresses were obtained from the website for ATBCoin, the company

of which Hoover is Co-Founder and Director.[1]  The Third and Fourth Addresses were identified

as potential residential addresses for Hoover, and were located using the search functionality

provided by Tracers Information Specialists, Inc.[2]

Plaintiff first attempted personal service on Hoover at addresses obtained from the website

for ATBCoin. The First Address was found to be a business unrelated to ATBCoin, and Hoover

was unknown at that address. The Second Address, 40 Wall Street, 28th Floor, New York, NY

10005, was found to be a mail forwarding address for ATBCoin, and Plaintiff was unable to serve

Hoover at the Fourth Address. *See* Affidavit of Zachary William Gazzard ("Gazzard Aff."),

annexed hereto as Exhibit A, ¶¶ 7-10.

The Third Address was determined to be a storage facility, and Plaintiff therefore did not

attempt to effectuate personal service on Hoover at that address. *See* Gazzard Aff., ¶ 5.

Residing at the Fourth Address were Hoover's son and daughter-in-law. *See* Affidavit of

Jenn Tash ("Tash Aff."), annexed hereto as Exhibit B, ¶ 4. Hoover's daughter-in-law, Tatiana

Hoover, disclosed that Herbert Hoover no longer resides in NY and is currently traveling in either

Thailand or China. *Id.* at ¶ 5.[3] Tatiana Hoover was unaware of a forwarding address for Hoover.

---

[1] *See* https://www.atbcoin.com.

[2] *See* https://www.tracersinfo.com.

[3] On Herbert Hoover's LinkedIn page, a posting, ostensibly attributed to Hoover himself, provides:

> At 2000 I changed my life and begun to travel all over the world via motorcycle. I
> met hundreds of people, with myriad problems and of course one of them is money
> - how to get it, how to invest, how to send it each other. ***So, now I'm in Thailand***.
> And I found a interesting solution for interested people.

*See* https://www.linkedin.com/in/herbertwilliamhoover/.

*Id*. Based on the foregoing, Plaintiff believes that Hoover no longer resides in the United States of America and is instead travelling somewhere in Asia.  Due diligence has been fruitless in attempting to determine an address of residence for Hoover in the United States or abroad.

The behavior of Hoover's counsel, Reitler Kailas & Rosenblatt LLC ("Reitler Kailas"), has made matters even more complex. Plaintiff's counsel spoke with Reitler Kailas on two separate occasions in the hope that its attorneys would disclose Hoover's location or that Hoover would waive service through his counsel. After initially indicating that such a waiver would make sense, Hoover's counsel later stated that it did not have the authority to waive service and that Reitler Kailas understood Hoover to now be residing in Asia. *See* Affidavit of Donald J. Enright ("Enright Aff."), annexed hereto as Exhibit C.

## ARGUMENT

### I.    PLAINTIFF'S PROPOSED METHOD OF ALTERNATIVE SERVICE

In light of the uncertainty regarding Hoover's current location, and the fact that ATBCoin conducted the security offering, as well as its business, almost exclusively by email and over the Internet, traditional methods of service are unavailable. Hoover is believed to possibly be travelling in either China or Thailand. As a current officer and board member of ATBCoin, and having engaged counsel, Hoover undoubtedly has actual knowledge of this litigation, yet he has refused to allow counsel for both himself and the Company to accept service on his behalf. Hoover apparently wants to avoid service entirely or, at the least, to make service unreasonably difficult, expensive, and protracted. At a minimum, Hoover's tactics will complicate and unduly delay these proceedings.

When a court is faced with such a situation, the Federal Rules of Civil Procedure allow the Court to approve reasonable alternatives to the costly, time consuming, and possibly fruitless procedure of attempting service outside the country through the cumbersome procedures of the

Hague Convention on Service Abroad. Consequently, to expedite this litigation, to reduce the costs associated with it, and to ensure that Hoover cannot escape liability, Plaintiff now turns to the Court for relief and respectfully requests leave to serve Hoover via the following methods, which are reasonably designed to afford Hoover notice of Plaintiff's action:

1.      Mailing of the Summons and Complaint via certified mail, return receipt requested, to:

> Brian Caplan
> Reitler Kailas & Rosenblatt LLC
> 885 Third Avenue, 20th Floor
> New York, NY 10022-4834

2.      Mailing of the Summons and Complaint via certified mail, return receipt requested, to:

> Herbert W. Hoover III, Co-founder/Board Member
> ATBCoin LLC
> 40 Wall Street, 28th Floor
> New York, NY 10005[4]

3.      E-mailing the Summons and Complaint to:

> support@atbcoin.com; and
>
> marketing@atbcoin.com

4.      Sending a message to Hoover's LinkedIn account, https://www.linkedin.com/in/herbertwilliamhoover/, giving notice of the lawsuit and providing Hoover with a URL link to online copies of the summons and complaint.

In order to meet the constitutional requirement of due process, any method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise

---

[4] This address purports to operate as a mail forwarding address for ATBCoin LLC.  *See* Gazzard Aff. ¶ 10.

interested parties of the pendency of the action and afford them an opportunity to present their objections." See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, given the fact that Hoover is presently in communication with his attorney, it strains credulity to suppose that Hoover lacks notice of Plaintiff's action. However, in an effort to ensure compliance with FED. R. CIV. P. 4, Plaintiff believes that alternative service via Hoover's attorney, the organization that Hoover ostensibly oversees, and Hoover's personal Linkedin account is sufficient to satisfy due process by apprising Hoover of the action and giving him the opportunity to answer Plaintiff's claims.

Indeed, service of process on Hoover through these means is likely to be more effective than traditional personal service. A large percentage of ATBCoin's business is run online, and Plaintiff has no indication that emails to ATBCoin will be undeliverable. Accordingly, service on Hoover by email to ATBCoin will also satisfy due process by apprising Hoover of the action and giving him the opportunity to answer Plaintiff's claims. Finally, service via Hoover's professional social media account, which appears to be maintained by Hoover himself, will also satisfy due process by apprising Hoover of the action and giving him the opportunity to answer Plaintiff's claims. Indeed, notifications of LinkedIn messages are typically forwarded to the account-holder's personal email address.

## II. PLAINTIFF IS ENTITLED TO AN ORDER AUTHORIZING ALTERNATIVE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3).

Plaintiff's attempts to serve Hoover by traditional methods, including personal delivery and request for a waiver, have demonstrated that such methods are impracticable in this case. Plaintiff has thus far been unable to confirm whether Hoover does in fact reside in either Thailand or China, and Hoover's counsel, despite communicating with Hoover, has thus far been unable or unwilling to assist Plaintiff in resolving these issues. Accordingly, this Court may authorize service

by alternative means under Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(f)(3) allows the Court to authorize service of process by any "means not prohibited by international agreement as may be directed by the court," so long as the alternative method of service authorized by the Court is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-cv-02988 (GBD), 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007); *see also RSM Prod. Corp. v. Fridman*, No. 06-cv-11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) ("The decision of whether to allow alternative methods of serving process . . . is committed to the sound discretion of the district court.") (citation and internal quotation marks omitted).

Alternative service under Rule 4(f)(3) "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *F.T.C. v. PCCare247 Inc.*, No. 12-cv-07189 (PAE), 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013) (citing *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010); *see also In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1)."). Accordingly, a plaintiff is not even required to attempt service through the other provisions of Rule 4(f) before the Court may order service under Rule 4(f)(3). *Id*; *see also Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process"). Thus, alternative service of process is proper where, as here, (i) the proposed method of service is not prohibited by international agreement, and (ii) it is the most likely method of service to provide prompt, actual notice of the plaintiffs' claims. *S.E.C. v. China Intelligent*

*Lighting & Elecs., Inc., No.* 13-cv-05079 (JMF), 2014 WL 338817, at \*1 (S.D.N.Y. Jan. 30, 2014) (quotation marks and citation omitted).

### A.  Service of Process by Email and LinkedIn Are Not Prohibited by International Agreement.

Here, there is no international agreement in place preventing the Court from authorizing alternative service. Thailand is not a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), nor is Thailand a party to any international agreement that might prevent the Court from authorizing alternative service. Although China is a member of the Hague Convention, the Hague Convention does not apply in cases such as this, where the address of the person to be served is not known to the party serving process. Hague Convention Art. 1, Nov. 15, 1965, 20 U.S.T. 361; *see also Prediction Co. LLC v. Rajgarhia*, No. 09-cv-07459 (SAS), 2010 WL 1050307, at \*2 (S.D.N.Y. Mar. 22, 2010) ("[I]t is worth observing the inapplicability of the Hague Convention … because [defendant's] address is not known to [plaintiff]."); *Philip Morris*, 2007 WL 725412 (finding the Hague Convention did not apply and authorizing service by email where actual addresses used to register domain names could not be verified as accurate).

Even if the Hague Convention did apply here, it would not bar service by email and electronic messaging. *See Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329 (S.D.N.Y. 2015) (declining to authorize service by postal mail in China, but allowing service by email listed on defendant's homepage); *See Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. 06-cv-06572 (JSW), 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) (granting alternate service by email where defendants could not be located or refused service, and where email proved to be the most effective means for communication). Furthermore, courts have routinely granted alternate service notwithstanding the availability of service under the Hague Convention in cases such as this, where

7

a plaintiff faces immediate irreparable injury. *See Rio Props.*, 284 F.3d at 1015 ("[T]he advisory [committee] notes suggest that in cases of 'urgency,' Rule 4(f)(3) may allow the district court to order a 'special method of service,' even if other methods of service remain incomplete or unattempted."); *In re GLG*, 287 F.R.D. at 266 (granting alternate service on a Chinese defendant where "the length of time required for service under the Hague Convention, approximately six to eight months, may unnecessarily delay this case"). This case is no exception, as the nature of ATBCoin's business necessitates that Plaintiff move with greater urgency than what would be afforded to him under the Hague Convention in order to prevent the defendants from absconding with the digital currency raised in the initial coin offering.

**B. Service of Process by Email and LinkedIn Are Reasonably Calculated to Provide Notice to Defendant Hoover.**

"By design, Rule 4(f)(3) was adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Philip Morris*, 2007 WL 725412, at *2 (internal quotations and citation omitted). "Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts." *Broadfoot v. Diaz*, 245 B.R. 713, 720 (Bankr. N.D. Ga. 2000). As a result, courts have fashioned a range of alternative methods of service, including service by email. *See, e.g., F.T.C.*, 2013 WL 841037 (ordering service by email and Facebook); *Prediction Co.,* 2010 WL 1050307 (ordering service by sending summons and complaint to an email address previously used by defendant to communicate with plaintiff and to counsel in New York who had been in contact with defendant).

Email and electronic message service on a defendant operating an online business are not only appropriate and constitutionally acceptable in a case such as this, but are the most effective means of providing the defendant with notice of the action. *See Philip Morris*, 2007 WL 725412

(finding that service by email is appropriate where defendants "conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email"); *F.T.C.*, 2013 WL 841037, at \*4 ("[s]ervice by email alone comports with due process where a plaintiff demonstrates that the e-mail is likely to reach the defendant."); *see also McCluskey v. Belford High Sch.*, No. 09-cv-14345 (LPZ), 2010 WL 2696599, at \*3-4 (E.D. Mich. June 24, 2010) (concluding that service via email was appropriate where the defendants conducted their business online and relied on an email address to conduct their business); *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (holding that Rule 4(f)(3) clearly authorizes service by email where defendant's address was unknown and emails sent using the addresses defendant provided to the domain name registrar did not bounce back).

Hence, service via email not only meets constitutional standards, but is also the method of service most likely to reach defendants when they "have organized their online business so that the only way customers can contact them to place an order or lodge an inquiry is by e-mail." *See e.g., Chanel, Inc. v. Song Xu*, No. 09-cv-02610-CGC, 2010 WL 396357, at \*1 (W.D. Tenn. Jan. 27, 2010).

By the same token, service via Hoover's professional social media account, which appears to be maintained by Hoover himself, will also satisfy due process by apprising Hoover of the action and giving him the opportunity to answer Plaintiff's claims. In a recent divorce action, the New York Supreme Court permitted service via www.facebook.com. *See Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 317 (NY. Sup. Ct. New York Cnty. 2015) (permitting service via Facebook.com in divorce action with no additional alternate service methods). The *Baidoo* Court noted that "[t]he problem . . . with publication service is that it is almost guaranteed not to provide a defendant with notice of the action . . . ." *Id*. at 316. The Eastern District of New York has already recognized that

service via social media can comprise one part of a multi-pronged approach to service in a manner "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 366 (E.D.N.Y. 2016) (quoting *PCCare247*, 2013 WL 841037, at *4). Accordingly, service via Hoover's LinkedIn account is reasonably calculated to afford him notice of the action, as this account was set up within the past year and describes his affiliation with ATBCoin, which has only been in existence for a short time. *See Ferrarese*, 164 F. Supp. 3d at 368.

In this case, Hoover conducts ATBCoin's online business entirely via email. ATBCoin's initial coin offering was run through the company's website, and customers were encouraged to contact the company via email. Furthermore, Hoover maintains a LinkedIn profile were he touts ATBCoin and his role in the company. Plaintiff has no reason to believe that emails to the addresses listed above, or messages to Hoover's LinkedIn account will be undeliverable. Accordingly, service on Hoover by email and LinkedIn messages will satisfy due process by apprising him of Plaintiff's action and giving him the opportunity to answer Plaintiffs' claims. As alternative service via email and electronic message to Hoover's LinkedIn account are not prohibited by international agreement and have the greatest likelihood of reaching the globe-travelling executive of an online company like ATBCoin, Plaintiff's proposed method of alternative service will not only be effective in this case, but will be the most reliable means of communicating with Hoover.

### C. Mailing of the Summons and Complaint Via Certified Mail, Return Receipt Requested, to Defendant Hoover's Attorney and Place of Business Are Not Prohibited by International Agreement and Are Reasonably Calculated to Provide Notice to Hoover.

Permitting service on Hoover through counsel, or via certified mail to ATBCoin's mail forwarding address, is also appropriate in this case. Since ATBCoin is actively involved in

defending this action, there can be no reasonable doubt that Hoover, a current officer and board member of ATBCoin, is aware of the action. A defendant, including a defendant outside the United States, "has a duty to avoid unnecessary expenses of serving the summons," FED. R. CIV. P. 4(d)(1). Here, Hoover, in an apparent effort to evade service, has declined to permit counsel for himself and ATBCoin to accept service on his behalf.

This Court has previously held that court-ordered service by facsimile and certified mail, return receipt requested, to a foreign defendant's U.S. counsel was reasonably calculated to provide notice. *See United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012) (permitting service on foreign defendants via FedEx to their U.S. counsel); *In re China Valves Technology Sec. Litig.*, No. 11-cv-00796 (LAK) (S.D.N.Y. Sept. 14, 2011) (permitting service on the individual defendants by serving the corporate defendant's defense counsel pursuant to Rule 4(f)(3)) (annexed hereto as Exhibit D). Under Rule 4(f)(3), service on a defendant's United States-based attorney is acceptable when there is evidence of an attorney-client relationship. *See RSM Prod. Corp*, 2007 WL 2295907, at *6 (authorizing service on the defendant's U.S. counsel); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 931 (N.D. Ill. 2009) (directing substituted service on U.S. attorneys retained by Russian defendants); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, No. 08-cv-00828 (JAP), 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (finding that, pursuant to Rule 4(f)(3), service on an attorney was permissible in light of the regularity of contact between the defendant and his attorney).

By defendants' counsel's own admission, Hoover has retained the same counsel as Co-Defendant ATBCoin and counsel for both Hoover and ATBCoin has not disputed that its attorneys have communicated with Hoover in the course of its representation in this matter. *See* Feb. 7, 2018 Letter from Attorney Brian D. Caplan to the Honorable Vernon S. Broderick (D.I. 15). Reitler

11

Kailas can easily transmit the summons and complaint to Hoover based on their contact with him as part of their representation of both Hoover and ATBCoin in this matter. Similarly, service via certified mail, return receipt requested to the forwarding address associated with Hoover's place of business is appropriate and satisfies due process requirements because it is reasonably calculated to reach Hoover.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully moves the Court to permit Plaintiff to serve Hoover through his counsel, Reitler Kailas, on the reasonable premise that counsel will transmit the relevant documents to Hoover, via certified mail to ATBCoin, the organization that Hoover ostensibly presides over as a board member, via emails to addresses affiliated with ATBCoin, and via Hoover's professional social media account.

Respectfully submitted,

Dated: February 8, 2018                    **LEVI & KORSINSKY, LLP**


_/s/Christopher J. Kupka_
Christopher J. Kupka
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*Attorneys for Plaintiff Raymond Balestra*

12