### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATBCOIN LLC, EDWARD NG, HERBERT W. HOOVER,<br><br>Defendants. | C.A. No. 1:17-cv-10001-VSB-BCM |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION FOR APPOINTMENT AS LEAD
### PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

Dated: March 12, 2018

### LEVI & KORSINSKY, LLP

Christopher J. Kupka (CK-9010)
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

Donald J. Enright
Elizabeth K. Tripodi
John A. Carriel
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 337-1567

*Attorneys for Plaintiff Raymond Balestra*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

SUMMARY OF ARGUMENT ............................................................................................1

STATEMENT OF RELEVANT FACTS .............................................................................2

ARGUMENT .......................................................................................................................2

    I.      THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF. ..............2

          A.    The Procedures Required by the PSLRA. .....................................................2

              1.    Movant Is Willing to Serve as Class Representative. ......................4

              2.    Movant Has the Requisite Financial Interest in the Relief Sought by the Class. ....................................................................................4

          B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ...............................................................................5

              1.    Movant's Claims Are Typical of the Claims of All Class Members. .........................................................................................6

              2.    Movant Will Adequately Represent the Class. ...............................7

              3.    Movant's Choice of Counsel Should Be Approved. .......................8

CONCLUSION ....................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Drexel Burnham Lambert Group*,
    960 F.2d 285 (2d Cir. 1992)..........................................................................................7

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ...............................................................................4

*Gen. Tel. Co. of the Southwest v. Falcon*,
    457 U.S. 147 (1982)....................................................................................................6

*Haung v. Acterna Corp.*,
    220 F.R.D. 255 (D. Md. 2004).....................................................................................6

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................4

*In re Milestone Sci. Sec. Litig.*,
    183 F.R.D. 404 (D.N.J. 1998).....................................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................6

*In re Razorfish, Inc. Secs. Litig.*,
    143 F. Supp. 2d 304 (S.D.N.Y. 2001)........................................................................1

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993).......................................................................................6

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J. 2002) ...........................................................................1

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) .......................................................................6

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ...........................................................................5, 6

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984).....................................................................................6, 7

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ....................................................................4, 5, 6, 7

## Statutes

15 U.S.C. § 77l(a)(1)...........................................................................................................1

15 U.S.C. § 77o(a) ...............................................................................................................1

15 U.S.C. § 77z-1(a) ....................................................................................................................*passim*

**<u>Rules</u>**

Fed. R. Civ. P. 23(a) ....................................................................................................................*passim*

**SUMMARY OF ARGUMENT**

On December 21, 2017, Plaintiff Raymond Balestra ( "Movant") filed the above captioned securities class action (the "Action") on behalf of all persons who invested or participated in ATBCOIN LLC's ("ATB") initial coin offering (the "ATB ICO") that began on June 12, 2017 and concluded on September 15, 2017 (the "Class Period").  The Action alleges that defendants ATB, Edward Ng ("Ng"), and Herbert W. Hoover ("Hoover," together with Ng, the "Individual Defendants," and collectively with ATB, "Defendants") violated sections 12(a)(1) and 15(a), 15 U.S.C. §§ 77l(a)(1), 77o(a), of the Securities Act of 1933 ("Securities Act") by offering and selling unregistered securities in connection with the ATB ICO.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002).  Movant satisfies both requirements. First, Movant invested 2.100441 Ethereum ("ETH") in the ATB ICO, during the Class Period,[1] and was injured thereby.  Additionally, to his knowledge, Movant is unaware of any other movant for appointment as lead plaintiff with a larger financial interest in the relief sought by the Class.

Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately

---

[1]    Movant's certification identifying his transactions in the ATB ICO, as required by the PSLRA, is attached as Exhibit 1 to the Declaration of Christopher J. Kupka ("Kupka Decl.").

represent the interests of the Class.[2]  As such, Movant meets the requirements of the PSLRA for

appointment as lead plaintiff in this Action ("Lead Plaintiff").

Accordingly, Movant respectfully requests that (1) he be appointed Lead Plaintiff and (2)

Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

**STATEMENT OF RELEVANT FACTS**

The ATB ICO involved the offer of "ATB Coins" in exchange for digital currency

investments.  Compl. ¶¶2, 5.[3]  The core offer during the ATB ICO was 1 ATB Coin for $1, payable

in Bitcoin ("BTC"), ETH, Litecoin ("LTC"), and potentially other currencies.  *Id*. ¶5.  The ATB

ICO was a clear offer and sale of unregistered securities because, *inter alia*, Defendants touted,

and Movant and the Class reasonably expected, that the ATB Coins received in exchange for their

investments would be worth more than the ETH, BTC, LTC, or other currencies invested.  *Id*. ¶6.

The Action alleges that throughout the Class Period, Defendants violated the Securities Act

by offering and selling unregistered securities during the ATB ICO.  The Action seeks

compensatory, injunctive, and/or rescissory relief.

**ARGUMENT**

**I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF.**

**A.    The Procedures Required by the PSLRA**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as

practicable."  15 U.S.C. § 77z-1(a)(3)(B)(ii).  The PSLRA establishes the procedure for

---

2    The "Class" is comprised of all persons who invested or contributed in the ATB ICO during the Class Period.

3    Citations to "Comp. ¶__" are to paragraphs of Movant's Class Action Complaint for Violation of Sections 12(a)(1) and 15(a) of the Securities Act of 1933 (the "Complaint"), Dkt. No. 1.  The facts set forth in the Complaint are incorporated herein by reference.

appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) & (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the Defendants could raise against him.  Therefore, Movant is entitled to the

presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff.

### 1.       Movant Is Willing to Serve as Class Representative.

On January 9, 2018, counsel for Movant caused a notice (the "Notice") to be published pursuant to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(A), which announced that a securities class action had been filed against Defendants and which advised putative Class members that they had 60 days to file a motion to seek appointment as Lead Plaintiff in the Action.[4]  Movant has reviewed the Complaint in the Action, has been actively involved in the litigation of the Action in his role as plaintiff to date, and has timely filed his motion pursuant to the Notice.  Moreover, Movant is willing and ready to serve as class representative.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.       Movant Has the Requisite Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action.  As demonstrated herein, Movant has, to his knowledge, the largest financial interest in the relief sought by the Class.  *See* Kupka Decl., Ex. 1.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the Lead Plaintiff.  *See Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

---

4       The Notice was published over *Business Wire* a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 2 to the Kupka Decl.

Within the Class Period, Movant purchased unregistered securities from Defendants, in the form of ATB Coins, and was injured thereby.  Movant expended 2.100441 ETH to purchase the 388.5 ATB Coins.  Movant currently still holds the 388.5 ATB Coins he received.  As of March 11, 2018, Movant's 388.5 ATB Coins were worth approximately $101.01.  In contrast, as of this same date, the 2.100441 ETH Defendants received from Movant were worth approximately $1,524.  Movant thus has a significant financial interest in the outcome of this case.  To the best of Movant's knowledge, there is no other applicant who has sought, or is seeking, appointment as Lead Plaintiff that has a larger financial interest in the relief sought by the class.

**B.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.**

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage.  *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Weltz*, 199 F.R.D. at 133 (considering only typicality and adequacy on a motion for lead plaintiff).  Furthermore, only a

"preliminary showing" of typicality and adequacy is required at this stage.  *See id.*; *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999).  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Weinberg*, 216 F.R.D. at 252; *Weltz*, 199 F.R.D. at 133; *Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).  As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### 1.    Movant's Claims Are Typical of the Claims of All Class Members.

Under Rule 23(a), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues.  *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also Milestone Scientific*, 183 F.R.D. at 414–15.  Rule 23 does not require that the named plaintiff be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).  Further, a finding of commonality frequently supports a finding of typicality.  *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because the Movant's claims are identical to, and neither compete nor conflict with the claims of, the other Class members. Movant, like the other members of the Class, purchased ATB Coins from Defendants during the ATB ICO that were unregistered securities in violation of the federal securities laws. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from the Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### 2.      Movant Will Adequately Represent the Class.

Moreover, Movant is an adequate representative of the Class. Under Rule 23, the representative party must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of the movants and other members of the Class. 15 U.S.C. §77z-1 (a)(3)(B); *see Drexel Burnham*, 960 F.2d at 291; *Weltz*, 199 F.R.D. at 133.

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a compelling interest in prosecuting the actions based on the financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with the Movant's identical interests with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly

7

experienced in prosecuting securities class actions and has submitted his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B).  Further, as demonstrated by his prosecution of the action to date, Movant is committed to vigorously litigating the Action on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  In addition, because Movant has sustained the largest amount of losses from the Defendants alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### 3.     Movant's Choice of Counsel Should Be Approved.

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 77z-1(a)(3)(B)(v).  The Court should interfere with a lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as proposed Lead Counsel.  The attorneys at Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as the Action and are well-qualified to represent the Class.  *See* Kupka Decl., Ex. 3 (the firm résumé of Levi & Korsinsky).

*[Continued on Following Page]*

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint him as

Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky as Lead Counsel.


Dated: March 12, 2018

Donald J. Enright
Elizabeth K. Tripodi
John A. Carriel
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Fax: (202) 333-2121

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Christopher J. Kupka*
Christopher J. Kupka (CK-9010)
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*Attorneys for Plaintiff Raymond Balestra*

9