UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>ATBCOIN LLC, EDWARD NG, HERBERT W. HOOVER,<br><br>                Defendants. | Case 1:17-cv-10001-VSB-BCM<br><br>**PROTECTIVE ORDER GOVERNING CONFIRMATORY DISCOVERY** |

WHEREAS, the parties, through their respective counsel, have reached an agreement in principle for the settlement of the above-captioned litigation, which is subject to Court approval; and

WHEREAS, in light of the agreement in principle, the parties have agreed that certain materials should be voluntarily produced by Defendants as confirmatory discovery solely for the purpose of evaluating the settlement value of the claims against Defendants and administering the settlement, and that the materials produced in confirmatory discovery are confidential and proprietary in nature and require protection and limitation as to use; and

WHEREAS, the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing confirmatory discovery, it is therefore:

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

    1.    Any person subject to this Order who receives from any other person any "Confirmatory Discovery Material" (i.e., information provided during the course of

confirmatory discovery in this action) concerning the Defendants' ability to fund a settlement and the personal finances of Defendants Edward Ng and Herbert W. Hoover, pursuant to the terms of this Order, shall not disclose such Confirmatory Discovery Material to anyone else except as expressly permitted hereunder.

2. All Confirmatory Discovery Material described in paragraph 1, and any information contained therein or derived therefrom, shall be used only in this action and no other litigation or proceeding; shall be used solely for the purpose of evaluating the settlement value of the claim and potential claims against Defendants and for administering the settlement; and shall not be disclosed to anyone, except counsel in this action and non-testifying consultants in this action who are bound to preserve the confidentially of such materials. Confirmatory Discovery Material may not be used to draft an amended complaint, pleading, or other court filing or for any purpose other than evaluating the settlement value of claims and potential claims against the Defendants and for administering the settlement. No Confirmatory Discovery Material may be filed with the Court or attached as exhibits to any complaint or form the basis of any complaint. Notwithstanding anything to the contrary contained herein, Confirmatory Discovery Material may be disclosed to the Court *in camera*, if necessary to support the proposed settlement, the plan of allocation or the fee application of Lead Counsel.

3. Within thirty (30) days after the settlement agreement has been approved by the Court and the Effective Date has occurred and all matters relating to the plan of allocation, the settlement, and fees and expenses are finally resolved, all Confirmatory Discovery Material and copies thereof, including Confirmatory Discovery Material in the hands of non-testifying consultants, shall either be returned to counsel of record for the producing party or

destroyed. All Plaintiffs', Lead Counsel's, and Lead Plaintiffs' non-testifying consultants' internal work product that contain Confirmatory Discovery Material, including copies, excerpts, summaries, or compilations thereof, shall be destroyed, or the Confirmatory Discovery Material deleted therefrom. Lead Counsel shall certify in writing within (30) days after the settlement agreement has been approved by the Court and the Effective Date has occurred and all matters relating to the plan of allocation, the settlement, and fees and expenses are finally resolved that such documents have been returned or destroyed, or the Confirmatory Discovery Material deleted there from.

4. The parties and agree that, to the extent that the Confirmatory Discovery Material may include materials subject to the attorney-client privilege, work product doctrine or other applicable privilege or protection from disclosure, the production of such Confirmatory Discovery Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure. The parties further agree that, if Defendants at any time notify Lead Counsel that any Confirmatory Discovery Material is subject to a claim of privilege or other protection from disclosure, or if Lead Counsel discovers that such material has been inadvertently produced, Lead Counsel shall return the specified information and any copies they have, to Defendants within five (5) business days of receipt of such notice or discovery and shall not use or disclose such items for any purpose. Additionally, the parties agree that any failure by Defendants either to provide notice to Lead Counsel that certain Confirmatory Discovery Material is subject to a claim of privilege or other protection from disclosure or to request the return of such Confirmatory Discovery Material will not waive the claim of privilege or other

protection from disclosure as to that Confirmatory Discovery Material.

5. Prior to any disclosure of any Confirmatory Discovery Material to any non-testifying consultant referred to in subparagraph 2 above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and provide a copy to the other party at the time of signature.

6. This Order contains the entire agreement between the parties regarding its subject matter.

7. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

8. Nothing herein prevents either party from requesting discovery outside of the voluntarily confirmatory discovery that is the subject of this Order. The parties agree to enter into a separate confidentiality agreement and protective order by no later than February 28, 2020 in the event that a stipulation of settlement has not been executed by that time.

IT IS SO STIPULATED:

Dated: December 5, 2019　　　　　　　　**LEVI & KORSINSKY, LLP**

By: _____
Christopher J. Kupka (CK-9010)
55 Broadway, 10th Floor
New York, NY 10006
T. 212.363.7500
F. 212.363.7171
ckupka@zlk.com
*Attorneys for Plaintiff Raymond Balestra*

Dated: December 5, 2019

**REITLER KAILAS & ROSENBLATT LLC**

By: _____
Brian D. Caplan
885 Third Avenue, 20th Floor
New York, NY 10022
Tel.: (212) 209-3059
Email: bcaplan@reitlerlaw.com
*Attorneys for Defendants ATBCOIN LLC, Edward Ng and Herbert W. Hoover*

IT IS SO ORDERED:

Dated: __December 11__, 2019

_____
Vernon S. Broderick
United States District Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ATBCOIN LLC, EDWARD NG, HERBERT W. HOOVER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case 1:17-cv-10001-VSB-BCM <br> ) <br> ) <br> ) <br> ) **Non-Disclosure Agreement** <br> ) <br> ) <br> ) |

I, _____, acknowledge that I have read and understand the Protective Order Governing Confirmatory Discovery in this action (the "Order"). I agree to abide by the terms of the Order and not to disclose such Confirmatory Discovery Material to anyone other than for purposes of this litigation and, pursuant to paragraph 3, I will return or destroy all Confirmatory Discovery Material. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____    Name: _____