IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>ATBCOIN LLC, EDWARD NG, HERBERT W. HOOVER,<br><br>                    Defendants. | C.A. No 1:17-cv-10001<br><br>Hon. Vernon S. Broderick<br><br><u>CLASS ACTION</u> |

**<u>DECLARATION OF DONALD J. ENIRHGT IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLMENT</u>**

I, Donald J. Enright, hereby declare as follows:

1. I am a partner of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky"), attorney for Lead Plaintiff Raymond Balestra ("Balestra" or "Lead Plaintiff") and Lead Counsel in the above-captioned action. ("Action"). I am admitted to practice before this Court having personal knowledge of the various matters set forth herein based on my day-to-day participation in the prosecution and settlement of this Action. I submit this Declaration in support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

2. Unless otherwise defined, capitalized terms herein have the same meaning as set forth in the Stipulation of Settlement, dated April 6, 2020 (the "Stipulation").

**STATEMENT OF FACTS**:

3. On December 21, 2017, Raymond Balestra filed a Class Action Complaint for Violation of the Federal Securities Laws initiating the above-captioned action, *Balestra v.*

*ATBCOIN LLC*, Case No. 1:17cv10001 (the "Action"), in the United States District Court for the Southern District of New York asserting claims under §§ 12(a)(1) and 15(a) of the Securities Act of 1933 against Defendants (the "Complaint"). [ECF No. 1].

4. On January 9, 2018, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), counsel for Plaintiff published notice on *Business Wire* informing other potential class members of their right to move for appointment as lead plaintiff for the putative Class.

5. On March 12, 2018, Lead Plaintiff moved to be appointed lead plaintiff and moved for his attorneys, Levi & Korsinsky, LLP ("Levi & Korsinsky" or "L&K") ("Class Counsel"), to be appointed Lead Counsel. [ECF No. 22].

6. From December 21, 2017 through October 24, 2019, Lead Plaintiff, through counsel, diligently investigated the claims against the Defendants including analyzing publicly-filed documents and investigative reports, and publically released statements concerning ATBCoin. However, such investigation has been limited by the Defendants' claim they both knew and know little about ATB, the ATB Token initial coin offering, or ATB's assets and operations.

7. The Complaint asserts claims on behalf of Lead Plaintiff and all persons or entities who purchased or otherwise acquired ATB Tokens between June 12, 2017 and September 15, 2017, inclusive, (the "Class Period"), while located within the United States at the time of their transaction. [ECF No. 1].

8. On April 13, 2018, Defendants filed a motion to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). (ECF No. 27, the "Motion to Dismiss"). On April 27, 2018, Plaintiff filed his opposition to Defendants' Motion to Dismiss, along with a declaration in support. [ECF Nos. 33–

4]. Defendants filed their reply on the Motion to Dismiss, and an accompanying declaration, on May 4, 2018. [ECF Nos. 38–39].

9. On March 31, 2019, the Court issued an Opinion and Order denying Defendants' Motion to Dismiss in its entirety and appointing Lead Plaintiff as such and Levi & Korsinsky as Lead Counsel. [ECF No. 42].

10. Beginning December 21, 2017, and ending thereafter, and after vigorous arm's-length negotiations, Lead Plaintiff and the Defendants agreed to the terms set forth in this Stipulation.

## THE SETTLEMENT

11. After Plaintiffs' motion to appoint Balestra as Lead Plaintiff and Levi & Korsinsky as Lead Counsel was granted, and after Defendants' motion to dismiss was denied, Lead Counsel and Defendants' Counsel commenced a dialogue to discuss the procedural posture of this Action, forthcoming pleadings, and the Parties' initial positions concerning the merits and strength of the allegations and potential defenses. During the months that followed counsel for the Parties continued to undertake meaningful discussions of their views of the merits, strength, and risks concerning this Action.

12. Lead Counsel investigated the defenses that Defendants' Counsel discussed during its calls and also investigated Defendants' ability to fund any judgment or settlement. From this research, Lead Counsel concluded that the immediate benefit of a cash recovery for the Class was in the Class' best interest. Foremost among these considerations was the risk that no recovery or a smaller recovery might be achieved following further litigation. In short, Plaintiff's investigation indicated that the named Defendants were essentially judgment-proof, and securing any recovery, even if a judgment was obtained, appeared very likely to be difficult or impossible. Moreover,

even if the case advanced to trial, Lead Plaintiff would face the risk of losing at trial and the risk that a Class might not be certified, as well as the risk of likely appeals which could last one or more additional years. For the Defendants (who deny all allegations of liability and deny that any Class Members were damaged), the principal reason for the Settlement is to eliminate the burden, expense, uncertainty, and risk of further litigation.

13.     Thereafter, Defendants' Counsel and Lead Counsel explored the possibility of finding an amicable resolution of the Action. During the weeks that followed, negotiations ensued between the Parties that resulted in an agreement in principle to resolve the claims against Defendants in this Action on October 23, 2019.          .

14.     Following the parties entry into the agreement in principle, Defendants provided Lead Plaintiff and Lead Counsel with all documents relevant to the settlement of this Action (the "Confirmatory Discovery"). Under the circumstances, Lead Plaintiff and Lead Counsel believed that such production constituted reasonable discovery to allow Lead Plaintiff and Lead Counsel to evaluate the fairness, reasonability and adequacy of the Settlement. Specifically, this discovery confirmed that the Defendants are judgment proof, and that the Settlement provides the best reasonably conceivable recovery from them.

15.     To memorialize the agreement in principle, the Parties subsequently negotiated the Stipulation. The Stipulation, which sets forth the final terms and conditions of the Settlement, includes, among other things, a release of all claims asserted against Defendants in the Action in return for a cash payment by the Defendants in the amount of $250,000 into a Settlement Fund for the benefit of the Settlement Class.

16.     In light of the significant risks of proceeding with further litigation, including the inability of Defendants to later pay for any settlement or satisfy any judgment, Lead Plaintiff and

Lead Counsel determined that the proposed Settlement represents the best reasonably possible result for the Settlement Class.

## THE RISKS IN CONTINUING THE LITIGATION OF THE ACTION

17. Lead Plaintiff and Lead Counsel are cognizant of the fact that assuming success on all issues of liability and damages would be imprudent.

18. Lead Plaintiff and Lead Counsel are aware that Defendants' financial position is severely limited with no signs of increasing, and that as litigation proceeds onward, over time, Defendants' financial position may continue to deteriorate, along with the potential for satisfaction of the Class.

19. Lead Plaintiff and Lead Counsel believe that this is a favorable outcome for the Class as it secures an immediate benefit in light of the risks to proving liability, the absence of any insurance policies to pay for any larger settlement amount or judgment that may be achieved in the litigation, the current financial position of Defendants, and the costs and difficulties of litigating this case and leveraging any resulting judgment.

## COMPENSATION OF LEAD COUNSEL

20. In exchange for our efforts, Lead Counsel intends to seek an award of attorneys' fees and expenses in amount equal to no more than 33% of the Settlement Fund. Plaintiff will also seek an amount not to exceed $20,000 for payment of litigation expenses incurred during the prosecution of this Action.

21. There are no agreements between Lead Plaintiff and Lead Counsel, on the one hand, and Defendants or Defendants' Counsel, on the other hand, except for those agreements detailed in the Stipulation.

## THE PLAN OF ALLOCATION, MGT SECURITIES, AND OTHER INDIVIDUAL ACTIONS

22.     The Plan of Allocation was created by Lead Counsel and is consistent with theories of damages alleged in the Complaint under the Securities Act of 1933.

23.     Lead Counsel is not aware of any individual class member interest in bringing its own action against Defendants for securities fraud.

## EXHIBITS

24.     Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation as executed on April 6, 2020.

25.     Attached as Exhibit A is the Preliminary Approval Order.

26.     Attached as Exhibit B is the Proposed Final Judgment.

27.     Attached as Exhibit C is a true and correct copy of Levi & Korsinsky's firm resume.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th date of April 2020.

/s/ Donald J. Enright

Donald J. Enright