UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATBCOIN LLC, EDWARD NG, and HERBERT W. HOOVER,<br><br>Defendants. | C.A. No. 1:17cv10001<br><br>Hon. Vernon S. Broderick<br><br><u>CLASS ACTION</u> |

**[PROPOSED] ORDER FOR HEARING AND NOTICE DIRECTING: (A) ISSUANCE OF NOTICE OF PROPOSED CLASS ACTION SETTLEMENT; AND (B) SETTING DATE <u>FOR FINAL SETTLEMENT FAIRNESS HEARING</u>**

WHEREAS, on April 1, 2020, Court-appointed Lead Plaintiff Raymond Balestra ("Lead Plaintiff") in the above-entitled action (the "Action"), on behalf of himself and the Class (as defined below), and ATBCOIN LLC, Edward Ng, and Herbert W. Hoover (the "Defendants") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review by this Court under Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint against the Defendants with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2020 that:

1.        Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby preliminarily certified as a class action on behalf of Lead Plaintiff and all persons who purchased or otherwise acquired ATB Tokens between June 12, 2017 and September 15, 2017, both dates inclusive (the "Class Period"), while located within the United States, and were allegedly damaged thereby. Excluded from the Class are: all Defendants; all current or former officers, directors or partners of ATBCOIN LLC, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; the members of the immediate families of the Individual Defendants; the parents, subsidiaries and affiliates of ATBCOIN LLC; and the legal representatives, heirs, successors, or assigns of any excluded Person. Also excluded from the Class will be any Person who timely and validly seeks exclusion from the Class in accordance with the requirements of the Notice.

2.        The Court preliminarily finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the Lead Plaintiff's claims are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff and Lead Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact, common to the members of the Class, predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. For purposes of the Settlement only, Raymond Balestra is certified as Class Representative for the Class, and Levi & Korsinsky, LLP ("L&K") is conditionally appointed as Lead Counsel for the Class.

4. The Court preliminarily finds that:

(a) The proposed Settlement resulted from informed, arm's-length negotiations, by counsel well-versed in securities litigation;

(b) Lead Counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

(c) The proposed Settlement is within the range of what could be determined to be fair, reasonable, and adequate. *See In re Warner Chilcott Ltd. Sec. Litig.,* No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *2 (S.D.N.Y. Nov. 20, 2008) ("Although a complete analysis of [*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)] factors is required for final approval, at the preliminary approval stage, the Court need only find that the proposed settlement fits within the range of possible approval to proceed" (citations and internal quotations marks omitted)).

5. A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on _____, 2020, at __:__ _.m., at the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; whether Lead Plaintiff should be finally certified as Class Representative for the Class; and whether the law firm of L&K should be finally appointed as Lead Counsel for the Class;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein against the Defendants, with prejudice, and to determine whether the releases contemplated by the Stipulation should become effective;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and expenses;

(f) to consider Lead Plaintiff's requests for the reimbursement of the costs and expenses (including lost wages) he incurred in prosecuting this Action on behalf of the Class;

(g) to determine whether an order should be entered barring and enjoining Lead Plaintiff and all Class Members from instituting, commencing, assisting, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Settled Claims; and

(h) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class. The Court reserves the right to enter its Final Judgment approving the Stipulation and dismissing the Complaint with prejudice as against the Defendants regardless of whether it has approved the Plan of Allocation, Lead

Plaintiff's request for the reimbursement of costs and expenses, or Lead Counsel's application for an award of attorneys' fees and expenses.

7. The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and the Proof of Claim and Release (the "Proof of Claim") annexed hereto as Exhibits A-1, A-2, and A-3 respectively.

8. The Court approves the appointment of Strategic Claims Services as the Claims Administrator.

(a) The Claims Administrator and L&K shall cause the Summary Notice, substantially in the form annexed hereto, to be published on a national wire service and on L&K's firm website, and further published on www.coindesk.com within twenty (20) calendar days after the entry of this Order. A link to the Summary Notice shall further be posted on https://www.reddit.com/r/ATBcoin/ by L&K and/or the Claims Administrator.

(b) The Claims Administrator shall post on its website at www.strategicclaims.net/ATB the Stipulation, Notice, Notice and Proof of Claim form within twenty (20) calendar days of this Order.

(c) Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Summary Notice and Notice consistent with the directives set forth herein.

9. The form and content of the Notice and the Summary Notice and the method set forth herein for notifying the Class of the Settlement and its terms and conditions, meet (a) the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §77z-1(a)(7) (the

"PSLRA"), and due process, (b) constitute the best notice practicable under the circumstances, and (c) shall constitute due and sufficient notice to all Persons and entities entitled thereto.

10. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto at Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office box indicated in the Summary Notice and the Notice, not later than _____, 2020. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation or proof as Lead Counsel and the Claims Administrator, in their discretion, may deem acceptable; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member

must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

11. Class Members shall be bound by the Stipulation and all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases provided therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall, no later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, state that the sender requests to be excluded from the Class and the Settlement in *Balestra v. ATBCOIN LLC,* Case No. 1:17cv10001, and must be signed by such person. Such persons requesting exclusion are also directed to state the date(s), price(s), and number(s) of coins of all purchases, acquisitions, and sales of ATB Tokens during the Class Period, and to provide documentation showing proof of purchase, acquisition or sale, or such other documents evidencing such transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and the Notice.

12. The Court will consider any Class Member's objection(s) to the Settlement, the Plan of Allocation, any request for reimbursement of Lead Plaintiff's costs and expenses (including lost wages), and/or Lead Counsel's application for a Fee and Expense Award only if (a) such objection(s), together with any supporting papers, is/are timely filed in writing with the Clerk of Court, United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and (b) copies of all such papers are served not later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing on both: (i) Donald J. Enright, Levi & Korsinsky, LLP, 1101 30th St., N.W., Suite 115, Washington, D.C. 20007, counsel for the Lead Plaintiff and the Class; and (ii) Brian D. Caplan, Reitler Kailas & Rosenblatt LLC, 885 Third Ave, 20th Floor New York, New York 10022, counsel for Defendants. The written objections must: (i) demonstrate, via affidavits, confirmation emails or other documentation, the objecting Person's membership in the Class, including the number of ATB Tokens purchased, acquired and sold during the Class Period and the dates of any such purchase(s), acquisition(s) and sale(s), the price(s) at which the ATB Tokens were purchased, acquired and/or sold; and (ii) contain a statement of the reasons for objection. Attendance at the Settlement Fairness Hearing is not necessary to object; however, Persons wishing to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for a Fee and Expense Award, are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for a Fee and Expense Award and desire to present evidence at the Settlement Fairness Hearing must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. If an objector hires an attorney to represent him, her

or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than thirty (30) calendar days before the Settlement Fairness Hearing. Any Class Member or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising (in this proceeding or on any appeal), any objection to the Settlement, and any untimely objection shall be barred. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

13. Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

14. All motions and papers in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for a Fee and Expense Award (or by Lead Plaintiff for reimbursement of his costs and expenses (including lost wages)) shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶15 of Notice. To the extent applicable, Defendants shall file with the Court and serve papers supporting the fulfillment of any obligations they have in connection with the Settlement no later than thirty (30) calendar days before the Settlement Fairness Hearing. Any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing. All proceedings in the Action against the Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, assist, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, assisting (unless required by subpoena or other operation of law), maintaining or

prosecuting, any action in any court or tribunal that asserts Settled Claims against Released Parties.

15. As provided in the Stipulation, Lead Counsel may pay the Claims Administrator a portion of the reasonable and customary costs associated with giving notice to the Class and the review of claims and administration of the Settlement, up to $15,000, out of the Settlement Fund without further order of the Court.

16. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or the Defendants elect to terminate the Settlement, or if the Settlement is not finally approved or otherwise fails to become effective for any reason, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order conditionally certifying the Class and the Class Representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any Action or proceedings by any person or entity for any purpose, and each party shall be restored to his, her or its respective litigation position as it existed on November 4, 2019, and the provisions of ¶29 of the Stipulation shall apply.

17. The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

18. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2020    _____
                                   HON. VERNON S. BRODERICK
                                   UNITED STATES DISTRICT COURT JUDGE