UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BALESTRA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ATBCOIN LLC, EDWARD NG, HERBERT W. HOOVER,<br><br>Defendants. | Index No. 1:17-cv-10001-VSB |

**MEMORANDUM OF LAW IN SUPPORT OF REITLER KAILAS & ROSENBLATT LLC'S MOTION TO WITHDRAW AS COUNSEL**

REITLER KAILAS & ROSENBLATT LLC
885 THIRD AVENUE
NEW YORK NEW YORK 10022

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT .................................................................................................................... 3

    I.    RKR SHOULD BE PERMITTED TO WITHDRAW BECAUSE DEFENDANT HOOVER HAS TERMINATED THE FIRM'S SERVICES AND DEFENDANTS NG AND ATB CANNOT PAY RKR'S FEES .................. 4

    II.   RKR'S WITHDRAWAL WILL NOT AFFECT THE TIMING OF THE PROCEEDING OR PREJUDICE ANY OF THE PARTIES ................................. 5

CONCLUSION ................................................................................................................ 7

Reitler Kailas & Rosenblatt LLC, ("RKR" or the "Firm") respectfully submits this memorandum of law in support of its Motion to Withdraw as Counsel for ATBCOIN LLC ("ATB" or the "Company"), Edward Ng ("Ng"), and Herbert W. Hoover ("Hoover," and together with ATB and Ng, the "Defendants") pursuant to Southern District of New York Local Rule 1.4.

## PRELIMINARY STATEMENT

RKR seeks to withdraw as counsel of record for Defendants. Plaintiffs commenced this action in late 2017 and RKR has represented Defendants since early 2018. Declaration of Brian Caplan dated July 15, 2020 ("Caplan Decl.") at ¶3. In May 2020, Defendant Hoover terminated RKR's services. *Id.* at ¶4. Defendant Ng has represented on multiple occasions his inability to make any payments whatsoever to RKR for the foreseeable future to fund the Firm's continued representation of him or ATB. *Id*.

Shortly thereafter RKR informed Defendants of RKR's intention to withdraw as counsel. RKR explained the ramifications to Defendants Hoover and Ng of proceeding pro se. *Id.* at ¶¶5-6. Counsel also informed Defendants that ATB cannot proceed pro se. *Id*. The Firm has no knowledge of whether Defendants Hoover and Ng intend to retain new counsel. *Id*.

On May 8, 2020, RKR sent a letter to Plaintiffs explaining the fact that the Firm's services were terminated. The parties had a telephone conference on May 11, 2020, in which RKR represented to Plaintiffs its intention to withdraw as counsel. *Id.* at ¶7.

On May 12, 2020, RKR wrote the Court seeking leave to file a motion to withdraw as counsel. A copy of the letter was provided to Defendants. *Id.* at ¶8. Defendant Hoover, having previously terminated RKR's services, did not object to RKR's letter. Defendant Ng asked whether RKR could continue to represent Defendants but was firm in his statement that he cannot pay RKR's fees in the future. *Id*. RKR represented to Defendant Ng that it could no longer

-1-

represent Defendants if its services were terminated and no future payments would be made for RKR's time and expenses.

On June 16, 2020, Plaintiff filed a motion to enforce a negotiated settlement agreement between the parties that was filed with the Court on April 10, 2020. ECF Doc. No. 66-1. The settlement agreement was and currently is pending preliminary approval by the Court. RKR informed Defendants of the fact that Plaintiff filed a motion and of the motion's potential consequences on Defendants. Caplan Decl. at ¶9.

Pursuant to case law, the Local Rules of the Southern District of New York, and the New York Rules for Professional Conduct (the "RPC", which govern attorneys in federal court sitting in New York), RKR has legitimate reasons to withdraw because its services were terminated by Defendant Hoover (under the RPC this fact mandates withdrawal) and because Defendant Ng has represented that he cannot fund representation for himself or ATB in the future. Further, RKR's withdrawal should not impede the progress of the litigation or prejudice either of the parties. There is a negotiated settlement agreement that was filed with the Court (and a motion to enforce the agreement filed by Plaintiff after learning of RKR's plans to withdraw) but the settlement is still pending preliminary approval. If Defendants are permitted a short stay is to retain new counsel if they so choose, Defendants' interests will not be prejudiced. Moreover, at the Court's request, RKR has already agreed to make itself available to the Court if questions arise concerning the enforcement of the settlement. Caplan Decl. at ¶¶11-12 and Exhibit 1.

## ARGUMENT

Local Rule 1.4 states that an attorney may be relieved as counsel by order of the Court and upon showing of satisfactory reasons for withdrawal.[1]  When reviewing a motion brought under Local Rule 1.4, Courts ordinarily analyze (i) the reasons for withdrawal and (ii) the impact of the withdrawal on the timing of the proceeding.  *Skyline Steel, LLC v. PilePro, LLC*, 2015 WL 1000145, at *1 (S.D.N.Y. Mar. 5, 2015).  A client that has discharged counsel presents a sufficient reason for counsel to withdraw.  *TufAmerica, Inc. v. Codigo Music LLC*, 2017 WL 3475499, at *7 (S.D.N.Y. Aug. 11, 2017).  Indeed, RPC 1.16(b)(3) mandates withdrawal if "the lawyer is discharged" by a client.  A client's inability to pay attorneys' fees "may constitute good cause" as well.  *United States v. Parker*, 439 F.3d 81, 104 (2d Cir.2006) (citation omitted).

The Court must also analyze "the posture of the case," and whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Id. citing Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir.1999) (internal quotation marks omitted).  RPC 1.16(c) recognizes that an attorney may withdraw when "withdrawal can be accomplished without material adverse effect on the interests of the client."  Courts routinely hold that where discovery has not closed and the case is not trial ready no prejudice or disruption is likely to ensue from the withdrawal.  *BWP*

---

[1] Local Rule 1.4 states as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

*Media USA Inc. v. Rant Inc.*, 2018 WL 4300530, at *2 (S.D.N.Y. Sept. 10, 2018); *S.E.C. v. Gibraltar Glob. Sec., Inc.*, 2015 WL 2258173, at *3 (S.D.N.Y. May 8, 2015). As detailed herein, RKR has made a satisfactory showing of the reasons for its withdrawal and RKR's motion should be granted.

**I. RKR SHOULD BE PERMITTED TO WITHDRAW BECAUSE DEFENDANT HOOVER HAS TERMINATED THE FIRM'S SERVICES AND DEFENDANTS NG AND ATB CANNOT PAY RKR'S FEES**

Counsel presents a sufficient reason to withdraw where his or her services have been terminated by the client. *TufAmerica*, 2017 WL 3475499, at *7. Indeed, RPC 1.16(b)(3), which "governs the conduct of attorneys in federal courts sitting in New York" mandates that an attorney "withdraw from the representation of a client" if "the lawyer is discharged." *Gibraltar Glob.*, 2015 WL 2258173, at *2. Courts' reason that once a party and counsel have "mutually agreed to dissolve their association, their contract had been terminated." *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *3-*4 (S.D.N.Y. May 26, 1999). Accordingly, withdrawal should be permitted barring "most compelling circumstances." *Id.*

On May 4, 2020, Defendant Hoover discharged RKR and RKR agreed that it would no longer represent Defendants. Caplan Decl. at ¶4. Mr. Hoover's request to end the relationship and RKR's acceptance thereby terminated the contract and the parties' relationship, and once discharged RKR was "required to withdraw as counsel." *Casper*, 1999 WL 335334, at *4; *Steele v. Bell*, 2012 WL 6641491, at *2–*3 (S.D.N.Y. Dec. 19, 2012).

Further, compelling circumstances do not exist that would prevent the Court from granting RKR's motion. As explained in further detail below in Section II, the impact of RKR's withdrawal will have little, if any, impact on the timing of the proceeding.

The non-payment of legal fees also constitutes a "satisfactory reason" for allowing counsel to withdraw. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 672245, at *1 (S.D.N.Y.

-4-

Feb. 17, 2011); *TufAmerica*, 2017 WL 3475499, at *5. Courts look at whether the client is unable to pay the fees, there has been a clear warning by counsel to withdraw, and the attorney has taken steps to avoid prejudice. *In re China Organic Sec. Litig.*, 2013 WL 692459, at *1 (S.D.N.Y. Feb. 26, 2013).

Each of these criteria are met. First, Defendant Ng, on behalf of himself and as corporate representative of ATB has repeatedly explained that he does not have the financial means to pay RKR's future legal fees. Caplan Decl. at ¶¶4, 8. Second, RKR has explained to Defendants on several occasions that failure to pay will result in the Firm being forced to withdraw (and that RKR is mandated to withdraw based on Defendant Hoover terminating the Firm's services). *Id.* Finally, in order to avoid prejudice on Defendants, once RKR's services were terminated, the Firm immediately reached out to Defendants and explained the consequences of withdrawal on the individual Defendants and on ATB, which cannot proceed pro se, and explained that the Defendants can hire new counsel. *Id.* at ¶6. RKR also explained the ramifications of Plaintiff's motion to enforce the settlement agreement. *Id.* at ¶9. To further avoid unnecessary prejudice, RKR seeks a short stay of the proceedings for Defendants to retain new counsel if they so choose.

## II.    RKR'S WITHDRAWAL WILL NOT AFFECT THE TIMING OF THE PROCEEDING OR PREJUDICE ANY OF THE PARTIES

A court must also analyze "the posture of the case," and whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Id. citing Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir.1999) (internal quotation marks omitted). Courts hold that where discovery has not closed and the matter is not trial ready, there is no disruption or undue prejudice caused by

counsel's withdrawal. *BWP*, 2018 WL 4300530, at *2; *Taub v. Arrayit Corp.*, 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016); *Gibraltar Glob.*, 2015 WL 2258173, at *3.

In light of the above case law, and in addition to the efforts outlined above to explain to Defendants the Firm's plan to withdraw and the Plaintiff's motion to enforce the settlement agreement, the impact of RKR's withdrawal on the litigation will be minimal.

Prior to Defendant Hoover's termination of the Firm's services, the case was pending preliminary approval of the negotiated settlement.  Preliminary approval is still pending as is Plaintiff's motion to enforce the settlement.  A court in this district has previously approved a motion to withdraw in a similar circumstance.  *BWP*, 2018 WL 4300530, at *2.  In *BWP*, defendants' counsel's motion to withdraw was granted where "the matter was settled, the agreement reduced to writing, and Defendants agreed to pay a sum certain.  Plaintiff has been permitted to file and has already served its Motion to Enforce, a motion on which this Court will render a decision at the appropriate time, whether or not Defendants obtain new counsel and respond thereto.  Plaintiff is not prejudiced."  *Id.*  The same facts exist here.  Moreover, RKR has already agreed to be available if questions arise related to the enforcement of the settlement. Caplan Aff. at ¶¶11-12 and Exhibit 1 at 7:6-9.

Further, if the Court denies the pending motion to enforce the settlement, discovery is not closed and "this matter is certainly not on the verge of trial."  *BWP*, 2018 WL 4300530, at *2; *Gibraltar Glob. Sec., Inc.*, 2015 WL 2258173, at *3 ("where discovery has not yet closed and trial is months away, the impact of withdrawal is typically not substantial enough to counsel against it.").  The case will remain on the litigation calendar and the impact of RKR's withdrawal will have little, if any, effect on the timing of the future proceedings.

## **CONCLUSION**

For the reasons stated herein, RKR's Motion to Withdraw should be granted.

Dated: July 15, 2020                              REITLER KAILAS & ROSENBLATT LLC

By: *s/ Brian D. Caplan*
    Brian D. Caplan
    Edward P. Grosz
    Brett Van Benthysen
    885 Third Avenue, 20th Floor
    New York, NY 10022
    Tel.: (212) 209-3059
    bcaplan@reitlerlaw.com
    egrosz@reitlerlaw.com
    bvanbenthysen@reitlerlaw.com