UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :    17cv10001 (DLC)
RAYMOND BALESTRA, individually and on   :
behalf of all others similarly          :
situated,                               :         ORDER
                                        :
                Plaintiffs,             :
        -v-                             :
                                        :
ATBCOIN LLC, EDWARD NG, and HERBERT W.  :
HOOVER,                                 :
                Defendants.             :
                                        :
--------------------------------------- X

DENISE COTE, District Judge:

     On July 11, 2022, Lead Plaintiff filed a motion to certify

the class action.  This case was reassigned to this Court on

August 17. An August 25 Order directed the defendants to file

any opposition to the motion by September 16.  The defendants

have not filed an opposition.  Accordingly, the motion is fully

submitted.

     To qualify for class certification, the plaintiffs must

prove that the proposed class action satisfies the four elements

of Rule 23(a): numerosity, commonality, typicality, and adequacy

6 of representation.  Fed. R. Civ. P. 23(a).  In addition, the

plaintiffs must also show that the proposed class action can

proceed under one of the categories of Rule 23(b).  In this

case, Lead Plaintiff seeks certification of the class under Rule

23(b)(3).  To do so, he must show that common questions of law

or fact predominate, that a class action is the superior method for bringing their claim, and that the proposed class is sufficiently ascertainable.  Fed. R. Civ. P. 23(b)(3); Brecher v. Republic of Argentina, 806 F.3d 22, 24 (2d Cir. 2015).  When deciding a motion for class certification, the district court must "make a definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues, must resolve material factual disputes relevant to each Rule 23 requirement, and must find that each requirement is established by at least a preponderance of the evidence." In re U.S. Foodservice Inc. Pricing Litig., 729 F.3d 108, 117 (2d Cir. 2013) (citation omitted).

The Court finds that questions of law and fact common to class members predominate over any questions affecting only individual members.  Fed. R. Civ. P. 23(b)(3).  The losses that the class members suffered due to the alleged unlawful securities offerings by the defendants predominate over any individual claims.  The Court also finds that a class action is superior to other available methods of adjudicating this controversy.  Id.  Lastly, all the other requirements of Rule 23, Fed. R. Civ. P., have been met: the class is sufficiently numerous; questions of law or fact are common to the class; Lead

2

Plaintiff's claims are typical of the class; and Lead Plaintiff fairly and adequately represents the interests of the class.

Accordingly, it is hereby

ORDERED that the motion to certify the class is granted. The following class is certified:

> All persons who purchased or otherwise acquired the securities of ATBCoin directly from ATBCoin between June 12, 2017, and September 15, 2017, inclusive and were damaged thereby (the "Class"). Excluded from the Class are: (i) all Defendants; (ii) all current or former officers, directors or partners of ATB, its affiliates, parents or subsidiaries; any corporation, trust or other entity in which any Defendant has or had a controlling interest; (iii) the members of the immediate families of the Individual Defendants; (iv) the parents, subsidiaries and affiliates of ATB; (v) the legal representatives, heirs, successors, or assigns of any excluded Person; and (vi) any Person who timely and validly seeks exclusion from the Class in accordance with the requirements of the Notice.

IT IS FURTHER ORDERED that pursuant to Rule 23(g), Fed. R. Civ. P., Levi & Korsinsky, LLP is appointed class counsel to the class.

IT IS FURTHER ORDERED that Lead Plaintiff shall file a motion for default judgment by **November 11, 2022**.

Dated:  New York, New York
        October 25, 2022

                                    _____
                                    DENISE COTE
                             United States District Judge

3